**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lorina Tinker Rodriguez,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>　　　　　Defendant. | No. CV-21-00291-TUC-DCB<br><br>**ORDER** |

      This matter was referred to Magistrate Judge Lynnette C. Kimmins, pursuant to Rules of Practice for the United States District Court, District of Arizona (Local Rules), Rule (Civil) 72.1(a). On July 26, 2022, Magistrate Judge Kimmins issued a Report and Recommendation (R&R). (Doc. 23.) She recommends that the Court remand the case to the Commissioner for Social Security for an award of disability benefits. The Court accepts and adopts the Magistrate Judge's R&R as the findings of fact and conclusions of law of this Court and grants relief for the Plaintiff.

STANDARD OF REVIEW

      The duties of the district court in connection with a R&R by a Magistrate Judge are set forth in Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). The district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Fed.R.Civ.P. 72(b); 28 U.S.C. § 636(b)(1). Where the parties object to a R&R, "'[a] judge of the [district] court shall make

a *de novo* determination of those portions of the [R&R] to which objection is made.'" *Thomas v. Arn*, 474 U.S. 140, 149-50 (1985) (quoting 28 U.S.C. § 636(b)(1)).

This Court's ruling is a *de novo* determination as to those portions of the R&R to which there are objections. 28 U.S.C. § 636(b)(1)(C); *Wang v. Masaitis*, 416 F.3d 992, 1000 n. 13 (9th Cir.2005); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121-22 (9th Cir.2003) (*en banc*). To the extent that no objection has been made, arguments to the contrary have been waived. Fed. R. Civ. P. 72; *see* 28 U.S.C. § 636(b)(1) (objections are waived if they are not filed within fourteen days of service of the R&R), *see also McCall v. Andrus*, 628 F.2d 1185, 1187 (9th Cir. 1980) (failure to object to Magistrate's report waives right to do so on appeal); Advisory Committee Notes to Fed. R. Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974) (when no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation)).

The parties were sent copies of the R&R and instructed that, pursuant to 28 U.S.C. § 636(b)(1), they had 14 days to file written objections. *See also*, Fed. R. Civ. P. 72 (party objecting to the recommended disposition has fourteen (14) days to file specific, written objections). The Court has considered the objections filed by the Defendant, the Commissioner, and the parties' briefs considered by the Magistrate Judge in deciding the Plaintiff's case.

## OBJECTIONS

The ALJ found Rodriguez had the severe impairment of major depressive disorder, with "the Residual Functional Capacity (RFC) to perform work at all exertional levels, but she was limited to simple, repetitive, routine tasks, only occasional changes in work routine, no public interaction, and occasional contact with coworkers and supervisors." (R&R (Doc. 23) at 2.) The ALJ decided at Step Five, based on the testimony of a vocational expert, that Rodriguez was not disabled because she could perform the jobs of housekeeping, cleaner, marker, and router. *Id.*

The Magistrate Judge concluded that the ALJ: "(1) did not give legally sufficient reasons for finding that opinion evidence from nurse practitioner (NP) Kathleen Oldfather was unpersuasive and (2) did not properly evaluate lay witness testimony from Plaintiff's mother. R&R at 3-11." (Obj. (Doc. 27) at 5.) The Defendant does not challenge those conclusions by the Magistrate Judge. The Defendant, however, objects to application of the credit-as-true rule to both because the Magistrate Judge did not consider "whether the record as a whole is free from conflicts, ambiguities, or gaps." (Obj (Doc. 27) at 5 (quoting *Treichler v. Comm'r oof Soc. Sec.,* 775 F.3d 1090, 1103-04 (9th Cir. 2014))

Under the credit-as-true rule, the Court must determine whether: 1) the ALJ "'failed to provide legally sufficient reasons for rejecting evidence" in the administrative record, for example a claimant's mother's lay testimony or a medical opinion; 2) the record "has been fully developed, whether there are outstanding issues that must be resolved before a determination of disability can be made, and whether further administrative proceedings would be useful; and 3) it is clear from the record that the ALJ would have to conclude that the claimant is disabled if the improperly rejected evidence were credited as true. *Treichler*, 775 F.3d at 1100-01; *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004). Even when all three elements of the test are met, the Court must still remand for further proceedings "'if an evaluation of the record as a whole creates serious doubt that a claimant is, in fact, disabled.'" *Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014

The Defendant does not challenge the conclusion that the ALJ failed to provide legally sufficient reasons for rejecting evidence in the record, NP Oldfather's opinion and the lay testimony. The Defendant objects to the Magistrate Judge's application of the credit-as-true rule based on the second prong, which requires the court to consider the record as a whole. (Obj. (Doc. 27) at 5.) The Defendant submits that the two non-treating state-agency physician opinions from Drs. Mertens and Novak create an ambiguity in the record that needs to be addressed by the ALJ on remand. (Obj. (Doc. 27) at 6 (citing *Andrews v. Shalala,* 53 F.3d 1035, 1039-40 (9th Cir. 1995)). The other record evidence posited by the Defendant as being missed by the Magistrate Judge is Plaintiff's

"longitudinal medical treatment" record, which arguably reflects improvement with treatment compliance, i.e, her condition improves when she takes her medicine. Defendant argues that in combination, this evidence creates serious doubt that Plaintiff is disabled. Therefore, the case should be remanded for further proceedings, not for an award of benefits.

The Plaintiff responds that Defendant misrepresents the Magistrate Judge's recommendation. She did not simply find that the ALJ failed to consider NP Oldfather's opinion. The Magistrate Judge found that the ALJ erroneously favored the non-examining medical opinions over the opinion of NP Oldfather, who had a long-term treatment relationship with the Plaintiff in NP Oldfather's area of specialty. The Magistrate Judge found the ALJ's preference for the non-treating state agency opinions was based on an illegitimate finding "it appeared to be advocacy." (R&R (Doc. 23) at 4 (cleaned up). The Magistrate Judge found the preference was not supported by substantial evidence in light of the record as a whole, including NP Oldfather's "longitudinal medical treatment" records. *See* (R&R (Doc. 23) at 12 (summarizing the record as a whole discussed in the R&R, including such things as limited daily living activities; side effects of medication causing drowsiness, dizziness, and headaches; personal hygiene issues; limited ability to be around others and issues with authority figures; able to use public transportation but inability to finish activities and difficulty in completing assigned work tasks, etc.) The Court notes that the "longitudinal medical records" reflected the Plaintiff was not a reliable taker of her medications and factored into NP Oldfather's medical opinion that Plaintiff was disabled.

The Magistrate Judge did consider the longitudinal medical treatment records. (R&R (Doc. 23) at 3-8.) She found they reflected "Rodriguez's symptoms went up and down" and fully supported NP Oldfather's prognosis of disability. The Defendant does not object to the Magistrate Judge's finding that the ALJ erred in rejecting lay testimony from the claimant's mother. That testimony, if credited-as-true supports Plaintiff's claim of disability. (R&R (Doc. 23) at 8-11.) The Court finds that the record as a whole supports

the Magistrate Judge's finding that the ALJ's conclusion of "not disabled" was not supported by substantial evidence. (R&R (Doc. 23) at 7-8).

The Court agrees with the Magistrate Judge's conclusion that when the non-treating state-agency physician opinions fall away, the record as a whole in combination with the opinion of NP Oldfather and the lay testimony from claimant's mother, credited-as true, requires a finding of disability.

## CONCLUSION

After *de novo* review of the issues raised in Defendant's objections, this Court agrees with the findings of fact and conclusions of law made by the Magistrate Judge in her R&R for determining the pending social security case. The Court adopts the R&R and for the reasons stated in the R&R, the Court remands the case to the Commissioner for the Social Security Administration for an award of benefits.

**Accordingly**,

**IT IS ORDERED** that after a full and independent review of the record, in respect to the objections, the Magistrate Judge's Report and Recommendation (Doc. 23) is accepted and adopted as the findings of fact and conclusions of law of this Court.

**IT IS FURTHER ORDERED** that the Decision entered by the Commissioner of Social Security Administration is REVERSED and REMANDED for an award of benefits.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter Judgment accordingly and close this case.

Dated this 22nd day of September, 2022.

_____
Honorable David C. Bury
United States District Judge